IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY ANN MYLES, as Temporary Administrator for the Estate of Gerald Ruffin,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACT. NO.: 3:21-cv-640-ECM<br>)　　　　　　　　[WO]<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This case arises out of a collision between a rental car driven by Gerald Ruffin ("Ruffin") and a forklift operated by Department of Veterans Affairs ("VA") employee, Robert Jones ("Jones"). Ruffin filed a suit against Jones for negligence, recklessness and wantonness. After the case was filed, Ruffin passed away from issues unrelated to the accident in question, and his mother, Mary Ann Myles ("Myles"), was substituted as the plaintiff for Ruffin's estate. The United States was substituted as party defendant because Jones was acting in the line and scope of his federal employment at the time of the accident. Pending before the Court is a Motion for Summary Judgment filed by the Defendant United States of America ("the United States"). (Doc. 32). The United States filed a brief in support of their motion, (doc. 33), but Myles failed to file a response. After reviewing the materials before the Court, (docs. 32, 33 & 35), the record, and the applicable law, the Court finds that the motion (doc. 32) is due to be GRANTED.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. STANDARD OF REVIEW

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting FED. R. CIV. P. 56(a)). "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (citation omitted). However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018) (citation omitted). If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); FED. R. CIV. P. 56(c). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element

of the case." *Hornsby-Culpepper*, 906 F.3d at 1311.  The burden then shifts to the non-moving party "to establish, by going beyond the pleadings, that a genuine issue of material fact exists." *Id.* at 1311–12.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1252.  Likewise, the reviewing court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Id.*  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

## IV.   FACTS

The record in this case is sparse.  Neither of the drivers in the underlying accident were deposed, nor were any witnesses.  Because Myles did not respond to the motion, the facts put forward by the United States and supported by the record are essentially

undisputed. *See Martin v. Lee*, 2021 WL 4499405, at *1 (M.D. Ala. Oct. 1, 2021). [1] The evidence in front of the Court, taken in the light most favorable to the nonmoving party, reveals the following:

On October 15, 2019, Ruffin was driving a rental car on the VA Hospital's Tuskegee, Alabama campus, when the car collided with a forklift driven by Jones. Stephen Richardson ("Richardson"), an officer of the VA Police, responded to the collision. The rental car suffered minor panel and bumper damage. Richardson's declaration states that neither driver was observably injured or required medical treatment at the scene. (Doc. 33-3 at 2). Ruffin left the scene under his own power and declined medical treatment.

Ruffin's mother, Myles, did not know which direction Ruffin was traveling at the time of the accident or any information about the forklift, except that after the accident, Ruffin called her and said "can you believe this man just rammed into me with a forklift." (Doc. 33-1 at 6). Myles testified that she has no independent judgment of the value of Ruffin's Estate's personal injury claim, how much Ruffin was put out of pocket, or whether there were any lost wages as a result of the accident. (Doc. 33-1 at 9). When asked about any pain and suffering that Ruffin experienced, Myles testified that Ruffin had ongoing issues and that she could not say whether the accident caused any deterioration in health. (Doc. 33-1 at 10–11). Ruffin had ongoing discomfort in his lower body, and Myles said "it may have been caused by the accident, it may have been caused by the cardiac issues or some spinal something issue or something else." (Doc. 33-1 at 11).

---

[1] The Court here, and elsewhere in the opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

Dr. Nandini Y. Ramroop, Ruffin's primary care physician, treated him from July 2017 until September 2021. According to Dr. Ramroop's declaration, Ruffin had complained of chronic back and neck pain since 2017. In July 2018, Ruffin was diagnosed with degenerative spine and neck issues. In July 2019, Ruffin was involved in a separate motor vehicle accident from the one at issue and suffered traumatic injuries, including fractured ribs, which were not yet healed at the time of the October 2019 accident.

After the October 15, 2019 accident, Ruffin received medical care at UAB Hospital. Dr. Ramroop's declaration states that the October 2019 accident "did not cause Mr. Ruffin to suffer new injuries or medical conditions," that there is "no indication that Mr. Ruffin's back or neck were made worse" or that his pain increased as a result of the accident, and that the "accident did not negatively impact Mr. Ruffin's overall physical condition." (Doc. 33-2 at 3–4).

In August of 2021, Ruffin brought claims for negligence and recklessness and wantonness against Jones, seeking damages for personal injury. The Defendant filed a notice of removal in September 2021 and the United States was substituted as a party pursuant to the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b), 267-2680. The Acting United States Attorney for the Middle District of Alabama certified that Jones was acting within the scope of his federal employment at the VA at the time of the alleged incident. In December 2021, Ruffin passed away for reasons unrelated to this case, and Myles was substituted as the Plaintiff on behalf of Ruffin's estate.

## V.     DISCUSSION

As to the Plaintiff's negligence claim, the United States argues that there is insufficient evidence in the record to show the required elements of breach, causation, or damages. The United States also contends that there is insufficient evidence to show that the Jones acted with recklessness or wantonness. The Plaintiff failed to file a response.

A "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). While the Court need not review the entire record sua sponte, it must, at the very least, review all of the evidentiary materials submitted in support of the motion and ensure that the motion itself is supported by evidentiary materials. *Id.* at 1101–02. The Court's order must "indicate that the merits of the motion were addressed." *Id.* at 1102 (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).

Ordinarily, a plaintiff cannot sue the United States if it has not waived sovereign immunity. *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). However, "[t]he FTCA waives the United States' sovereign immunity from suit in federal courts for its employees' negligence." *Zelaya*, 781 F.3d at 1321 (citing 28 U.S.C. § 1346(b)). The United States is liable for damages caused by the negligent acts of its employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to [Ruffin] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The United States certified

that Jones was acting within the scope of his employment when the accident occurred. Thus, the Court examines below whether there is a genuine dispute of material fact as to whether Jones would be liable to Ruffin under Alabama law.[2]

### A. Negligence

A claim of negligence under Alabama law requires the plaintiff to show: "(1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury." *QORE, Inc. v. Bradford Bldg. Co.*, 25 So. 3d 1116, 1123–24 (Ala. 2009) (citing *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008). The United States argues that the record is insufficient to show that the United States breached any duties to Ruffin or that the accident caused Ruffin any damages. For the reasons stated below, the Court agrees.

"[A] vehicle operator is under a duty to use reasonable care in operating the vehicle." *Jones v. Baltazar*, 658 So. 2d 420, 421 (Ala. 1995). "Whether a person involved in an accident acted reasonably in operating his motor vehicle depends on all of the circumstances surrounding the accident[.]" *Senn v. Alabama Gas Corp.*, 619 So. 2d 1320, 1322 (Ala. 1993) (citation omitted).

There is little evidence before the Court as to how this accident occurred. Myles testified that Ruffin told her that Jones "just rammed into [him] with a forklift." (Doc. 33-1 at 6). Richardson testified that there was "minor damage to the [rental car's] bumper and

---

[2] The FTCA examines liability "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The accident occurred in Alabama. Thus, the Court applies Alabama law.

7

one right real [sic] panel," which had been punctured by the forklift arms. (Doc. 33-3 at 1). The United States argues that this evidence is insufficient to show that Jones breached any duty of care to Ruffin.

The record only shows that the vehicles collided, and that the forklift hit the car's right rear panel and bumper. As Alabama courts have recognized, "[evidence] of an unfortunate result does not in and of itself raise an inference of negligence." *Senn*, 619 So. 2d at 1324 (alteration in original) (citing *Horton v. Mobile Cab & Baggage Co.*, 198 So. 2d 619, 625 (Ala. 1967)). The Court agrees with the United States that the record is insufficient for a reasonable jury to find that Jones breached any duty of care to Ruffin in his operation of the forklift.

The Court further finds that there is insufficient evidence to show that the accident caused Ruffin any damages. Myles seeks relief for Ruffin's injuries, pain, mental anguish, medical expenses, loss of enjoyment of life, and lost wages. (Doc. 1 at 4). Because Ruffin drove a rental car, there is no claim for property damage. The evidence shows that Ruffin dealt with serious underlying health issues and injuries from an unrelated accident, and Dr. Ramroop's declaration and Myles' testimony indicate that the underlying health issues existed for years before the accident. Further, Dr. Ramroop's declaration said that the October 2019 accident, which serves as the basis for this lawsuit, did not injure Ruffin in any way or exacerbate any existing injuries. The responding officer's declaration confirmed that Ruffin appeared unharmed and declined medical care at the scene.

Myles could not say that the October 2019 accident caused Ruffin's health issues, that it caused any pain and suffering, or that he had out of pocket losses. There are no

records or bills before the Court to show otherwise. "Alabama has long required a manifest, present injury before a plaintiff may recover in tort." *S. Bakeries, Inc. v. Knipp*, 852 So. 2d 712, 716 (Ala. 2002) (citation omitted). The Court agrees with the United States that the record is insufficient for a reasonable jury to find that Ruffin suffered damages as a result of the October 2019 accident.

For the reasons stated, Myles' claim for negligence is due to be dismissed. *See Martin v. Lee*, 2021 WL 4499405, at *3 (M.D. Ala. Oct. 1, 2021) (granting the defendants' motion for summary judgment on a negligence claim arising from a car accident, where the plaintiff failed to respond or provide evidence that the defendants were negligent).

### B. Recklessness or Wantonness

Wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994). Wantoness is also described as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6–11–20(b)(3) (Alabama's punitive damages statute defining wanton conduct).

The United States argues that the record lacks any indication that Jones acted with reckless disregard for the safety of others. The Court agrees. For the same reasons that the record is insufficient to show a lack of reasonable care, the record is also insufficient to show that Jones "was conscious h[is] actions would likely or probably cause injury to another, or that [he] acted with reckless disregard for the same." *Malish v. Hurst*, 2019 WL

9

922251, at *6 (M.D. Ala. Jan. 24, 2019), report and recommendation adopted, 2019 WL 918996 (M.D. Ala. Feb. 25, 2019) (citing *Ex parte Essary*, 992 So. 2d at 9); *see Martin v. Lee*, 2021 WL 4499405, at *3 (M.D. Ala. Oct. 1, 2021) ("[The Plaintiff] has simply pointed to no evidence of [the Defendant's] negligence, much less wantonness."). The Court finds that Myles' claim for recklessness or wantonness is due to be dismissed.

## VI.   CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's Motion for Summary Judgment (doc. 32) is GRANTED, and the Plaintiff's claims are DISMISSED with prejudice.

A separate Final Judgment will enter.

DONE this 29th day of January, 2024.

                                        /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE